IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TODD and STACEY HINDRICHS,**

    **Plaintiffs,**

**v.**

**UNITED REPOSSESSORS, INC.
TD AUTO FINANCE, JOHN DOE
ONE, JOHN DOE TWO, and JANE
DOE,**

    **Defendants.**               **Case No. 12-cv-804-DRH-SCW**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    The matter of defendant United Repossessors, LLC's, improper notice of removal is currently before the Court (Doc. 2), as the Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")). Due to the deficiencies below mentioned, defendant is **ORDERED** to correct its jurisdictional allegations by **July 31, 2012**, or this case shall be **REMANDED**.

Defendant removes this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Instantly, defendant has inadequately alleged complete diversity. First, defendant states plaintiffs are residents of Missouri. It is well-established that allegations of residency may or may not demonstrate citizenship, as citizenship depends on domicile. *See Meyerson v. Harrahs East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) (An allegation of residence is inadequate.). Thus, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). As "[i]t is well-settled that when the parties allege residency but not citizenship, the court must dismiss the suit," defendant is ordered to correctly allege the citizenship of plaintiffs.

Further, defendant improperly requests that the Court look to the states of incorporation and principal places of business of the pertinent limited liability

companies in determining defendants' citizenship. The Seventh Circuit has made abundantly clear that parties must allege the citizenship of all the members of a limited liability company through all the layers of ownership until the Court reaches only individual human beings and corporations to adequately allege citizenship of such entities.

In *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), the Seventh Circuit held courts should treat a limited liability company like a partnership for purposes of diversity jurisdiction. Accordingly, the citizenship of each of a limited liability company's members establishes whether complete diversity exists among the parties. *See id; see also Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[t]hus. we have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be'") (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship. Therefore, defendant is **ORDERED** to correct the aforementioned deficiencies by **July 31, 2012,** or the Court shall **REMAND** this action.

**IT IS SO ORDERED.**

Signed this 17th day of July, 2012.

David R. Herndon
2012.07.17
12:17:34 -05'00'

**Chief Judge**
**United States District Court**