IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TODD and STACEY
HINDRICHS,

    Plaintiffs,

v.

UNITED REPOSSESSORS, LLC, *et al.*,

    Defendants.                          Case No. 12-cv-804-DRH-SCW

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I.    INTRODUCTION

The issue before the Court is the determination of whether complete diversity exists among the parties to the instant controversy under 28 U.S.C. § 1332, as the Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")). As complete diversity does not exist, the Court must **REMAND** this case to the Circuit Court of Madison County, Illinois.

## II. BACKGROUND

Defendants removed the instant action, arising from the alleged wrongful repossession of plaintiffs' Jeep Cherokee, to this Court on July 16, 2012, on the basis of diversity jurisdiction (Doc. 2). At that time, the named plaintiffs were Todd and Stacey Hindrichs, while TD Auto Finance, LLC, United Repossessors, LLC, John Doe One, John Doe Two, and Jane Doe comprised the defendants. However, defendants' notice of removal improperly alleged complete diversity, as they alleged residency as opposed to citizenship of the individual parties, and did not properly allege the citizenship of the defendant limited liability companies. Thus, the Court ordered defendants to file an amended notice of removal that properly alleged the requisite citizenships of the parties (Doc. 3).

Defendants properly amended their notice of removal on July 26, 2012, which demonstrated complete diversity existed among the parties (Doc. 7). Unfortunately, since the filing of their amended notice of removal, plaintiffs have discerned the identities of the previously unknown defendants. Thus, plaintiffs filed an amended complaint on August 9, 2012, which alleges the citizenship of the relevant individual parties (Doc. 22). On the basis of the allegations of citizenship contained in plaintiffs' amended complaint, as well as defendant's amended notice of removal, the Court must remand this action.

### III.  LAW AND APPLICATION

Defendants removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, holding a civil action may be removed "by the defendant or defendants," is construed narrowly; thus, doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Thus, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Instantly, complete diversity of citizenship does not exist among the parties. An individual's citizenship depends on his or her domicile. *See Meyerson v. Harrahs East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Thus, an individual is a citizen of the state where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Further, in *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), the Seventh Circuit held that courts should treat a limited liability company like a partnership for purposes of diversity jurisdiction. Accordingly, the citizenship of each of a limited liability company's members establishes whether complete

diversity exists among the parties. *See id; see also Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[t]hus. we have explained that the 'citizenship of unincorporated associations must be traced through however many layers of partners or members there may be'") (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship to determine whether diversity of citizenship exists. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (The state of a limited liability company's principal place of business and where it was formed is irrelevant to its citizenship.).

Instantly, plaintiffs are citizens of Missouri. Defendant TD Auto Finance, LLC, has one member; T.D. Bank, N.A., a national bank organized under the laws of the United States with its main office in the State of Delaware. Thus, defendant TD Auto Finance, LLC, is solely a citizen of Delaware. *See Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006). Defendant United Repossessors, LLC, has two members; MRCT Holding Company, Inc., a Minnesota Corporation with its principal place of business in Minnesota, and United Auto Delivery & Recovery, Inc., a Tennessee corporation with its principal place of business in Tennessee. Thus, defendant United Repossessors, LLC, is a citizen of Minnesota and Tennessee. Defendant Maerhanda Rolens is a citizen of Illinois. Defendant Scott Hopfinger is a citizen of Illinois. This bring us to the final defendant; Phillip

Wahby, a citizen of Missouri. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). Accordingly, as plaintiffs and defendant Phillip Wahby are both citizens of Missouri, this action must be **REMANDED** to the Circuit Court of Madison County, as the Court is without jurisdiction to hear the disputed claims.

## IV. CONCLUSION

As complete diversity does not exist among the parties, the Court is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** this action to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.09 16:17:46 -05'00'

**Chief Judge**
**United States District Court**